Case 2:26-cv-00032-MPB-MJD     Document 35     Filed 01/30/26     Page 1 of 3 PageID #: 105

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ULISES OCAMPO SEGURA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DONALD J. TRUMP in his official capacity as )<br>President of the United States, *et al.*, )<br>)<br>Respondents. ) | No. 2:26-cv-00032-MPB-MJD |

**Order to Show Cause**

The Court, having considered the above action and the matters which are pending, makes the following rulings:

1.	The respondents are **notified** of the filing of the amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This material has been scanned into the Court's electronic docket. A copy of this Order to Show Cause, the amended petition (dkt. [32]), and exhibits shall be **distributed electronically to** the United States Attorney.

2.	The **clerk is directed** to issue process **by mail** to the Clay County Respondents. Process will consist of the amended petition (dkt. [32]), exhibits, and this Order.

3.	The respondents will have **through February 6, 2026**, to answer the allegations of the amended petition and **show cause** why the relief sought by the petitioner should not be granted. The petitioner will have **four days after service of the answer** to reply.

4.	The weight of authority supports Petitioner's position—that ICE's authority to detain a noncitizen discovered within the country derives from 8 U.S.C. § 1226(a) and not from § 1225(b), so Petitioner is at minimum entitled to a bond hearing and not subject to mandatory

detention. *See, e.g., Cazarez-Gonzales v. Olson*, No. 2:25-CV-590 (S.D. Ind. Dec. 5, 2025) (citing cases); *see also Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025) (stating that "Plaintiffs have the better argument on the current record" referring to argument that "ICE's authority to detain a noncitizen discovered within the country derives from § 1226(a) and not from § 1225(b)."). In their response, the respondents must explain why this Court should reach a different result here.

    5.    The respondents shall not transfer Petitioner outside the jurisdiction of the United States or transfer him to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin during the pendency of this habeas petition. *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025) (citing 28 U.S.C. § 1651(a) ("[T]he Government represented on the record in federal court that it reserved the right to remove detainees after midnight. We had the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve our jurisdiction over the matter.*"); United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("The District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief.").

**IT IS SO ORDERED.**

Dated: January 30, 2026

_____
Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Constance M Doyle
Law Office of Constance M. Doyle
connie@cdoylelaw.com

Andrew H. Kahl
UNITED STATES ATTORNEY'S OFFICE - DSM
210 WALNUT STREET
SUITE 455
DES MOINES, IA 50309

Jessica Winslow Maffitt
BENZONI LAW OFFICE, PLC
2912 Beaver Avenue
Des Moines, IA 50310

Sheriff Brison Swearingen
Clay County Detention Center
611 E. Jackson St.
Brazil, IN 47834

Courtesy copies (by electronic mail):

    Liberty L. Roberts, Church Church Hittle & Antrim, (lroberts@cchalaw.com)

    Shelese Woods, Assistant U.S. Attorney (shelese.woods@usdoj.gov)